MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of GUAM |
|---|---|

| Name of Movant JIN YEONG HWANG | Prisoner No. 02115-093 | Case No. 00-00150-002 |
|---|---|---|

FILED DISTRICT COURT OF GUAM
AUG 27 2004
MARY L. M. MORAN
CLERK OF COURT

Place of Confinement  FEDERAL CORRECTIONAL INSTITUTION; 1900 SIMLER AVENUE; SPRING, TEXAS 79720

| UNITED STATES OF AMERICA | V. | JIN YEONG HWANG a.k.a. HWANG JIN YEONG |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   CLERK OF COURT; HONORABLE JOHN S. UNPINGCO; U.S. DISTRICT COURT, HAGTNA, GUAM 96910

2. Date of judgment of conviction    NOVEMBER 13, 2003

3. Length of sentence    168 MONTHS

4. Nature of offense involved (all counts) COUNT I: CONSPIRACY TO IMPORT METHAMPHETAMINE IN VIOLATION OF 21 USC 952(A), 960, 963; COUNT II: IMPORTATION OF METHAMPHETAMINE IN VIOLATION OF 21 USC 952(A), 960, AND 81 USC 2; AND COUNT III: ATTEMPT TO POSSESS METHAMPHETAMINE WITH INTENT TO DISTRIBUTE IN VIOLATION OF 21 USC 841(A) AND 846.

5. What was your plea? (Check one)
   (a) Not guilty       ☐
   (b) Guilty           ☒
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   PLED TO COUNT I, COUNTS II AND III WERE DISMISSED.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☐
   (b) Judge only  ☒

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

(2)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court NINTH CIRCUIT COURT OF APPEALS, 95 SEVENTH STREET; SAN FRANCISCO, CA
   (b) Result  AFFIRMED

   (c) Date of result  JUNE 30, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   N/A

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐    No ☒

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court        N/A

        (2) Name of proceeding

        (3) Grounds raised

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.   Yes ☐   No ☒
(2) Second petition, etc.  Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

I.  Where Defendant Supplied all information against those he held knowledge of in his crime, his chain of distribution, and the identities, and participation of those persons, he's entitled to have government honor the agreement and receive a downward departure under 18 usc § 3553.

    A.  Presentence Investigation report Constitutes Part of the Contractual Agreement.

    B.  Detrimental Reliance Upon The Plea.

    C.  Rule 35 Cannot Compensate a § 5K1.1.

II. Assuming, arguendo, the PSR is not part of the Plea agreement, then using Counts II and III for enhancements, when they were to be dismissed, constitutes violation of Parol Evidence Rule, where nothing informs Petitioner these Counts would be used to enhance him, within the written agreement.

    a.  The Plea is based on default rules.

III. Petitioner is Entitled Departure for Cultural Assimilation.

IV. Petitioner Informed his Counsel, and the Interpretator, He was actually Innocent, and Counsel Having Petitioner Plead Guilty Constitutes Subornation of Perjury.

V.  Petitioner received Ineffective Assistance of Counsel.


The facts for each claim is set forth in the Brief in support, attached hereto.

13. If any of the grounds listed in 12 A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

    Petitioner contends the reason the issues were not raised on direct appeal are set on two basis: 1) ineffective assistance of counsel, which establishes "cause" for failure to raise it under Coleman v. Thompson, 501 U.S. 722, 754 (1991); and 2) issues not objected to, or constituting a issue of law, cannot be raised on direct appeal, and are proper in a § 2255.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing William Bischoff; 600-D GCIC Building; 414 West Soledad Avenue; Hagatna, Guam 96910

    (b) At arraignment and plea
    Same as 15(a) above

    (c) At trial
    N/A

    (d) At sentencing
    Same as 15(e) below, Howard Trapp.

(e) On appeal Howard Trapp; 200 Saylor Building; 139 Chalan Santo Papa; Hagatna, Guam 96910; 671-477-7000

(f) In any post-conviction proceeding

Pro se,

(g) On appeal from any adverse ruling in a post-conviction proceeding

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) Give date and length of the above sentence:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_8-13-04_
DATE

_[signature]_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_8-13-04_
Date

_[signature]_
Signature of Movant

(7)

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis,* in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

Clerk of the Court
United States District Court
Hagåtña, Guam 96910

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.